```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
                        BANKRUPTCY DIVISION


                              )
In Re:                        )    Chapter 7
DAVID GEORGE AKILLIAN         )    Case No. 09-17200-JNF
     Debtor                   )
                              )
_____)
                              )
JOSEPH BRAUNSTEIN             )
CHAPTER 7 TRUSTEE of          )
DAVID GEORGE AKILLIAN         )
     Plaintiff                )
                              )    Adversary Proceeding
v.                            )    No. 09-01388
                              )
MICHAEL HAIG AKILLIAN         )
     Defendant                )
                              )
```

ANSWER OF DEFENDANT TO COMPLAINT

To the Honorable Joan N. Feeney, Bankruptcy Judge:

Michael H. Akillian, by and through his undersigned Counsel, submits the following answer to the Complaint filed by the Trustee in this adversary proceeding. Pursuant to the Summons issued by this Court, the Answer is due on January 19, 2010.

PARTIES AND JURISDICTION

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

## FACTS COMMONS TO ALL COUNTS

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. The Defendant is uncertain as to the basis upon which the Trustee calculates the net proceeds from Exhibit 4 and therefore the allegations in paragraph 13 are denied.

14. The Defendant admits that a first mortgage to Watertown Savings Bank (the "Bank") was paid from the proceeds, said mortgage being in the amount of $142,186.39. As indicated below in the Affirmative Defense Section, this balance was due based upon loans by the Bank for the benefit only of the Debtor.

15. The Defendant admits that the net proceeds on line 603 of Exhibit A was $330,996.43. For the reasons set forth in the Affirmative Defense Section below, the Defendant denies that the Debtor was entitled to one half thereof or $165,498.21.

16. Admitted.

17. Denied.

18. The Defendant has no knowledge of the allegations contained in paragraph 18 and had no participation in any of the bankruptcy paperwork including the Statement of Financial Affairs.  Therefore, relative to the Defendant, paragraph 18 is denied.

## CAUSES OF ACTION

### COUNT I

19. The Defendant repeats the responses contained in paragraphs 1 through 18 above and specifically incorporates same by reference herein.

20. The allegations in paragraph 20 of the Complaint are denied.

21. The allegations in paragraph 21 of the Complaint are denied.

22. The Defendant has no knowledge of the allegations in paragraph 22 of the Complaint, calls upon Plaintiff to prove same and therefore denies same.

23. The Defendant has no knowledge of the allegations contained in paragraph 23 of the Complaint, calls upon Plaintiff to prove same and therefore denies same.

24. The Defendant has no knowledge of the allegations contained in paragraph 24 of the Complaint, calls upon Plaintiff to prove same and therefore denies same.

25. The allegations in paragraph 25 of the Complaint are denied.

## COUNT II

26. The responses contained in paragraph 1 through 25 above are repeated and specifically incorporated by reference herein.

27. The Defendant admits that he is the brother of the Debtor but denies that he received a transfer or ever was a creditor of the Debtor. Therefore, the allegations in paragraph 27 of the Complaint are denied.

28. The Defendant has no knowledge of the allegations contained in paragraph 28, calls upon Plaintiff to prove same and therefore denies same.

29. The Defendant admits that he benefited from the sale of the real estate but denies that he benefited to the detriment of the Debtor or the creditors of the Debtor.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## AFFIRMATIVE DEFENSES

1. The Defendant denies that he was ever a creditor of the Debtor and therefore any cause of action under 11 U.S.C. 547 is inapplicable.

2. The Defendant admits that the language in the Trust document provided that he and his brother would "share and share alike", the sale of any of the Trust Corpus.

3. The various borrowings over the years by the Debtor against the Real Estate were utilized by the Debtor only for his benefit. The payment to the Bank from the closing proceeds on August 1, 2008 in the amount of $142,186.39 was correctly and justifiably deducted from the Debtor's share of the proceeds of the sale of the Real Estate.

4. Since the Defendant received no benefit from the lending arrangement with the Bank, his one half share of the proceeds was not subject to any payment to the Bank.

5. All payments to the Bank were from the share of the Debtor and his creditors were not harmed or otherwise prejudiced by the receipt by the Defendant of his share of the proceeds of the sale.

6. The Defendant had no knowledge that the Debtor had obtained mortgages from the Bank until a period of time after the mortgages were taken by the Debtor.

WHEREFORE, the Defendant requests that this Court deny the relief requested in the Complaint.

|  |  |
|---|---|
|  | Michael H. Akillian |
|  | By his Counsel, |
| Dated: January 18, 2010 | /s/Gary W. Cruickshank, Esq. |
|  | 21 Custom House Street |
|  | Suite 920 |
|  | Boston, MA 02110 |
|  | (617) 330-1960 |
|  | (BBO107600) |
|  | gwc@cruickshank-law.com |

6

CERTIFICATE OF SERVICE

    I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Answer has been served, electronically and by regular United States mail, postage prepaid, upon Steffani Jill Boudreau, Esq., Riemer & Braunstein, Counsel to the Plaintiff, Three Center Plaza, Boston, Massachusetts 02114.

Dated: January 18, 2010        /s/Gary W. Cruickshank, Esq.