```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
                        BANKRUPTCY DIVISION


                              )
In Re:                        )    Chapter 7
DAVID GEORGE AKILLIAN         )    Case No. 09-17200-JNF
      Debtor                  )
_____)
                              )
JOSEPH BRAUNSTEIN             )
CHAPTER 7 TRUSTEE of          )
DAVID GEORGE AKILLIAN         )
      Plaintiff               )
                              )    Adversary Proceeding
v.                            )    No. 09-01388
                              )
MICHAEL HAIG AKILLIAN         )
      Defendant               )
                              )
```

## MEMORANDUM OF LAW OF DEFENDANT IN OPPOSITION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

To the Honorable Joan N. Feeney, Bankruptcy Judge:

Michael Haig Akillian, the Defendant in the above captioned adversary proceeding (hereinafter the "Defendant"), by and through his undersigned Counsel, submits the following Memorandum of Law in Support of his Opposition to the Plaintiff's Motion for Summary Judgment (hereinafter the "Motion").

### PROCEDURAL BACKGROUND

1. On July 30, 2009, the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in this Court (hereinafter the "Filing Date").

2. On December 16, 2009, the Trustee filed the within Complaint against the Defendant (hereinafter the "Complaint").

3. On January 18, 2010, the Defendant filed a timely answer to this Complaint.

4. A Motion for Summary Judgment was filed by the Trustee on or about August 15, 2010 and pursuant to an Order of this Court, responses thereto are due on October 13, 2010.

5. A hearing on the Motion is scheduled for November 3, 2010 at 10:30 A.M.

ARGUMENT

The Complaint contains two Counts. Count I seeks, pursuant to 11 U.S.C. 548, to recover what the Plaintiff alleges to be a fraudulent transfer.

Count II seeks pursuant to 11 U.S.C. Section 547, to recover what the Plaintiff describes as a preferential transfer.

The Trustee has introduced no evidence in support of his position.

11 U.S.C. Section 548 is entitled "Fraudulent transfers and obligations".

11 U.S.C. Section 101(54) defines the term transfer as follows:

(A) – the creation of a lien;

2

(B) – the retention of title as a security interest;

(C) – the foreclosure of a debtor's equity of redemption;

(D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with:

    (i)  property; or

    (ii)  an interest in property.

There is no transfer in this case.  The real estate located at 1-3 Howe Street, Watertown, Massachusetts (the "Property") was owned by a trust by the name of the Ceil and Red Realty Trust, (the "Trust") which Trust was created by the parents of the Debtor and the Defendant.  Pursuant to the Trust, the proceeds of the sale of the Property, upon the death of the remaining parent, would be divided between the beneficiaries, (David and Michael) "share and share alike".

In 2001 and 2004, the Trust obtained mortgages on the Property from Watertown Savings Bank, (the "Bank"), the proceeds of which were paid to David and used only for his benefit.  The Plaintiff has introduced no evidence to the contrary.  David's share of the proceeds from the sale of the Property were utilized to pay the mortgage to the Bank since said proceeds had been paid to and utilized by David.

There was no transfer of any property from David to Michael when the Property was sold.  Michael received his share of the sale proceeds directly from Attorney David Barber.  The Plaintiff has not established that there was a transfer subject to avoidance under Section 548(a) or Section 547.

3

Since there was no transfer, there could be neither a fraudulent conveyance nor a preferential transfer.

The Plaintiff spent a significant period of time in his memorandum arguing that the Trust documentation prohibited the transaction in question.

The Plaintiff argues that pursuant, inter alia, to the statute of frauds, David and Michael had no choice but to pay the mortgage from the gross proceeds and then share and share alike the remainder.

The Ceil and Red Trust which is Exhibit A to the Motion provides on page 2, paragraph 3, inter alia, that

> the Trustees … shall have full power … to borrow money for the purposes of the Trust and to mortgage the whole or any part of the Trust property to secure the payment thereof …

The Trust further provides, inter alia, in paragraph 5:

> "The Trustees shall have full power to sign, seal, execute, acknowledge and deliver any and all deeds, <u>mortgages</u> (emphasis added) …"

Paragraph 11 is a spendthrift clause which provides that

> "No beneficiary shall have an interest in the Trust Fund, that may be attached or be subject to levy for his or her private or particular debts."

In this case, the Trust, through Mrs. Akillian, had full power to borrow funds. Those funds were payable to and for the benefit of David as indicated by David's Affidavit, which is filed in support of this Opposition.

4

This is not a statute of frauds issue and this is not an issue that an alleged oral agreement is unenforceable.

This is a matter of equity.  The equity is that David obtained funds from the Property which effected his share.  Michael did not receive any benefit from the refinancings or the Property and therefore his share of the sale proceeds cannot be reduced by the mortgage payoff to the Bank.

It is not the Defendant's burden to account for all the mortgage proceeds.  Michael has indicated in his affidavit that he received no proceeds from the mortgage.  David has indicated in his Affidavit that he received all of the proceeds from the mortgages.

Michael testified at his deposition that he did not believe his mother received anything from either of those mortgages.

It is the Plaintiff's burden to prove that the late Mrs. Akillian received a portion of the proceeds and the Plaintiff has not done so.

Michael Akillian was never part of any oral agreement relative to the mortgage of this property.

Michael is not nor ever was a creditor of David.  Michael's receipt of one half of the gross sale proceeds, prior to the payment of the mortgage, did not constitute either a fraudulent conveyance or a preferential transfer since Michael's share of the proceeds were never property of the Debtor.

This is also not a situation which there is an oral agreement pertaining to hereditaments.  The <u>Kirschbaum v Wennet</u>,

5

60 Mass.P.App.Ct. 807 (2004) case cited by the Plaintiff is inapplicable.  In that case, the seller's stepdaughter was trying to establish her entitlement to 25% of the trust on the basis of an alleged oral agreement between the settlor and his wife, which was contrary to a written agreement.

In this case, the written trust document said that the beneficiaries, who have always been Michael and David, were to share and share alike the sale proceeds.  David decided, prior to the sale of the Property, to encumber his share of the proceeds by obtaining the mortgages from the Bank. <u>Kirschbaum</u> is inapplicable.

<u>CONCLUSION</u>

There are genuine issues of material fact.  The Trustee's request for summary judgment should be denied and this case should proceed to trial.

                                          Michael H. Akillian
                                          By his Counsel,

Dated: September 21, 2010       /s/Gary W. Cruickshank, Esq.
                                          21 Custom House Street
                                          Suite 920
                                          Boston, MA 02110
                                          (617) 330-1960
                                          (BBO107600)
                                          gwc@cruickshank-law.com

CERTIFICATE OF SERVICE

    I, Gary W. Cruickshank, hereby certify that a copy of the Response has been served, electronically, upon Steffani Jill Boudreau, Esq., Riemer & Braunstein, Counsel to the Plaintiff, Three Center Plaza, Boston, Massachusetts 02114.


Dated: September 21, 2010          /s/Gary W. Cruickshank, Esq.