# EXHIBIT A



## CEIL & RED REALTY TRUST

Declaration of Trust and covenant entered into this 5th day of April, 1983, for the purpose of creating a Trust Fund, under the terms and conditions hereinafter stated.

The parties to this Trust Agreement are CELIA AKILLIAN and GEORGE AKILLIAN of Watertown, Middlesex County, Massachusetts, as Donors, and the said CELIA AKILLIAN and GEORGE AKILLIAN, as Trustees.

WITNESSETH that we, CELIA AKILLIAN and GEORGE AKILLIAN, of Watertown, Middlesex County, Massachusetts, for good and valuable consideration, do hereby declare that we will, our executors, administrators and successors shall, hold the Trust Fund for the benefit of the beneficiaries with powers, duties and purposes as hereinafter stated, reserving to ourselves as donors hereunder, the power to amend, alter or revoke this Trust instrument in any and every particular, by recording any such amendment, alteration or revocation in the Middlesex County South District Registry of Deeds, Cambridge, Massachusetts.

1. This Trust shall be known as the CEIL & RED REALTY TRUST and shall use as its address 3 Howe Street, Watertown, Massachusetts 02172.

2. The term "Trustees" shall mean the present or any future Trustees. The term "they" shall mean singular or plural, male or female, as context may require.

3. The Trustees shall hold, manage and improve any real estate and any property, real or personal, of whatever nature or interest, or wherever located, or any interest therein hereafter acquired or conveyed as Trustees under this Trust, and shall have full power to lease the same or any part thereof, to sell or convey the whole or

any part thereof by public auction, or private sale, for cash or credit and on such terms and conditions as the Trustees may see fit; to borrow money for the purposes of the Trust and to mortgage the whole or any part of the Trust property to secure the payment thereof, with or without power of sales; to lend money at such terms and on such security as they shall deem best; to conduct any business and do any acts which a natural person may or can do in the management or sale of property or conduct of business; and to do such other acts which may be allied with or for the best interest of the Trust in their discretion.

4. The Trustees shall have the absolute and complete mastery and power over the property of this Trust as if absolute owners thereof, and no person dealing with the Trustees shall be bound to make inquiry concerning the validity of any sale, pledge, mortgage, loan or any other transaction, or as to the existence of any facts or of compliance with any prerequisites necessary to the validity thereof, or relative to the application of any purchase money or money loaned.

5. The Trustees shall have full power to sign, seal, execute acknowledge and deliver any and all deeds, mortgages, leases, releases, assignments, discharges and partial releases of mortgages and all other instruments of conveyance and any other contracts or agreements, including contracts and agreements to purchase real estate other than the real estate above-mentioned.

6. All acts done, and all deeds, drafts, notes or checks or other instruments executed by the Trustees in behalf of the Trust shall be conclusive evidence of authority to do and execute same and shall be

binding upon Trust, and all conveyances shall transfer a full and complete title discharged of Trusts, unless therein otherwise stipulated. The Trustees shall also represent the beneficiaries of this Trust in all legal proceedings where their interest, or the interest of any of them, is involved with reference to this Trust in any matter arising out of this Trust with full power to compromise or settle any and all claims.

7. The Trustees shall have no power to bind the beneficiaries of this Trust, or any of them personally; and in every contract, written or otherwise, entered into, reference shall be made to this Trust, and all persons contracting with the Trustees shall look to the Trust Fund only for the payment of any debt, damage, judgment or decree, or for any money that otherwise may become due or payable by reason of the act or omission on the part of the Trustee to perform such contract in whole or in part.

8. The income of this Trust, or the use of the Trust property, or such part thereof as the Trustees may deem advisable and such part or parts of the principal of the Trust as the Trustees may deem advisable shall from time to time at such intervals as the Trustees may deem advisable be paid to or used and expended for the support, maintenance, or other needs of the Donors' children, MICHAEL HAIG AKILLIAN, of Bedford, Massachusetts and DAVID GEORGE AKILLIAN of Arlington, said Massachusetts, the beneficiaries hereof, in such amounts as the Trustees shall deem proper and advisable. Undistributed income may in the discretion of the Trustees be held as such for future distribution or may be added to the principal or corpus of the Trust Fund. The decision of the Trustees relative to what constitutes income shall, as between the

-3-

Trustees and the beneficiaries, be final.

9. CELIA AKILLIAN and GEORGE AKILLIAN shall serve as Co-Trustees of this Trust. In the event of the death, disability or refusal to act for any reason of one of the Trustees, then the remaining Trustee shall act as sole Trustee, and it shall not be necessary to fill said vacancy.

10. This Trust shall terminate upon the death of the last to die of the Co-Trustees. Upon termination, all assets of the Trust and income, if any, undistributed at the time, shall be distributed in equal shares, share and share alike, to the said beneficiaries, or to the survivor of them.

11. No beneficiary of this Trust shall have the power to anticipate, assign, transfer, alienate or in any way pledge or hypothecate his or her respective interest in this Trust, or any part thereof, and any attempt so to do shall be of no effect. No beneficiary shall have such an interest in the Trust Fund that may be attached or be subject to levy for his or her private or particular debts.

12. The beneficiaries shall have no legal title in the Trust property itself, real or personal, or right to a division or partition of the same or for an accounting, or to direct the Trustees in the administration of this Trust.

13. The Trustees shall not be required to give bond for the faithful performance of this Trust, nor be liable personally on any contract, or for any debt of damage, or for any act or failure to act, expecting only for personal willful breach of Trust. The Trustees may make a reasonable charge for service performed hereunder, and shall be en-

-4-

titled to be reimbursed and indemnified for all disbursements, expenses or other liabilities. No Trustee shall be liable for the acts or omissions of a Co-Trustee, any prior Trustee, or any persons administering the estates of the Donors.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals on the date first set forth above.

_____  _____
CELIA AKILLIAN, DONOR           CELIA AKILLIAN, TRUSTEE

_____  _____
GEORGE AKILLIAN, DONOR          GEORGE AKILLIAN, TRUSTEE

62 549

Retn: Sell Mortgage - Clark

DOCUMENT NO. 637549

SO. MIDDLESEX LAND COURT
REGISTRY DISTRICT
RECEIVED FOR REGISTRATION

APR - 8 1983

NOTED ON CERT NO.
REG. BK.
JOHN F. ZAMPARELLI ASSISTANT RECORDER

$20.00

# EXHIBIT B





(SEAL)
ord cert

COMMONWEALTH OF MASSACHUSETTS

LAND COURT

DEPARTMENT OF THE TRIAL COURT

CASE NO. 08-SBQ-02143-07-001

Upon the complaint of David George Akillian and Michael Haig Akillian alleging that:

1. Certificate of Title No. 167467 issued by the South Middlesex Registry District is in the name of Celia Akillian and George Akillian, Trustees of Ceil & Red Realty Trust under a Declaration of Trust dated April 5, 1983, and registered April 8, 1983, being Document No. 637549.

2. Pursuant to paragraph 10 of said trust, it terminates upon the death of the last to die of the co-trustees.

3. George Akillian died August 28, 1991, Document No. 993902, and Celia Akillian died March 4, 2006.

4. Plaintiffs are the beneficiaries of said trust as set forth in paragraph 8;

Plaintiffs pray for a new certificate of title in their names.

After due proceedings, it is **ORDERED**: that Certificate of Title No. 167467 be cancelled and a new certificate be issued for the land described therein to David George Akillian and Michael Haig Akillian.

By the Court. (Grossman, J.)

            Attest:

            Deborah J. Patterson
            Recorder

Dated: July 24, 2008

            A TRUE COPY
            ATTEST
            *Deborah J. Patterson*
            **RECORDER**

**TO BE REGISTERED WITH ORDER:**
1. Death Certificate of Celia Akillian

EAW/acp

Bk: 1357 Pg: 135 Cert#: 242441
Doc: ORD CERT   08/01/2008 03:27 PM

DOCUMENT 01479335

Southern Middlesex LAND COURT
REGISTRY DISTRICT
RECEIVED FOR REGISTRATION
On: Aug 01,2008 at 02:27P
Document Fee: 125.00
Receipt Total: $3,055.08

NEW: CERT 242441 BK 01357 PG 135
OLD: CERT 167442 BK 767 PG 117